**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 25-2842 & 25-2865
_____

UNITED STATES OF AMERICA

v.

NAAJEH SAYYID TORRES,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 3:24-cr-00110 & 3:17-cr-00152)
U.S. District Judge: Hon. Karoline Mehalchick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2026
_____

Before: SHWARTZ, PHIPPS, and McKEE, <u>Circuit Judges</u>.

(Filed: July 1, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Naajeh Torres appeals his convictions and sentences for federal drug offenses and violations of the terms of his supervised release. His counsel argues that the appeals present no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We agree, and we will grant the motion and affirm.

I

Torres was on supervised release for a federal drug crime when he sold cocaine and methamphetamine to undercover agents and was charged with three counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a). After he was charged, the Government filed an information under 21 U.S.C. § 851(a), alleging that he was subject to a statutory sentencing enhancement based on his prior federal drug conviction.

Torres pleaded guilty to the § 841(a) charges and admitted his prior conviction. Because he was at least eighteen years old at the time of the § 841(a) offenses and had two prior felony convictions for controlled substance offenses—the prior federal drug conviction and a prior state drug conviction—Torres was designated a career offender under U.S.S.G. § 4B1.1(b)(1), which triggered a base offense level of thirty-seven and a criminal history category of VI, resulting in a Guidelines range of 262 to 327 months' imprisonment. The District Court varied downward and sentenced him to 180 months' imprisonment followed by eight years' supervised release.

Based on this conviction, Torres was also charged with a Grade A violation of the conditions of his supervised release, which required, among other things, that he commit

2

no other crimes. Torres admitted to the violation and was sentenced to eighteen months' imprisonment—which was the bottom of the applicable Guidelines range—to be served consecutively to the drug sentence.

Torres appeals. His counsel moves to withdraw under Anders, identifies potential issues for appeal, and explains that they provide no basis for overturning his convictions or sentences.[1]

II[2]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to [ensure] that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a) allows defense counsel to file a motion to withdraw and a supporting brief when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300. An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

---

[1] Torres had the opportunity to file a pro se brief, but he did not. He did file a pro se notice of appeal in which he stated that his career offender sentence was excessive.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the Anders brief to see if counsel: (1) thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal; and (2) explained why those issues are frivolous. See United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022); United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If we determine that the Anders brief is adequate, then "we confine our scrutiny to those portions of the record identified by" it. Youla, 241 F.3d at 301.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues for appeal. First, the brief demonstrates a thorough examination of the record and identifies several issues: (1) jurisdiction; (2) whether Torres's guilty pleas were knowing and voluntary; and (3) the procedural and substantive reasonableness of his sentences. Second, the brief explains why any challenge based on these issues would be frivolous. Counsel has thus fulfilled his Anders obligations, and we will proceed to review the issues counsel identified. See Youla, 241 F.3d at 300.

B

Our independent review of the record accords with counsel's assessment with respect to the District Court's jurisdiction and Torres's conviction and sentence under § 841(a).

The District Court had jurisdiction over the federal drug crimes Torres committed. See 18 U.S.C. §§ 3231, 3237(a). Moreover, Torres's plea complied with the Constitution, see Boykin v. Alabama, 395 U.S. 238, 242-44 (1969), and Federal Rule of Criminal Procedure 11. The Court confirmed that Torres was competent, understood the

4

nature of the proceedings and charges, his available options, and the consequences of pleading guilty, including his maximum penalties. The Court also advised Torres of his rights, including that he could plead not guilty and proceed to trial with the assistance of counsel who could cross-examine witnesses, that he had a right to testify and subpoena witnesses, and that the jury would presume him innocent, unless and until the Government proved his guilt beyond a reasonable doubt. The Court confirmed Torres understood these rights and found a factual basis for Torres's guilty plea and that he pleaded guilty knowingly and voluntarily. Therefore, there is no issue of arguable merit with respect to the validity of Torres's plea.

Further, Torres' sentence for the § 841(a) violations was procedurally reasonable because the District Court correctly calculated the Guidelines range and meaningfully considered and applied the § 3553(a) factors. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The sentence was also substantively reasonable because we cannot say "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided." Id. at 568. Because the sentence was below the applicable Guidelines range, it is presumptively reasonable. See Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Liddell, 543 F.3d 877, 885 (7th Cir. 2008) ("[I]t follows [from Rita] that a below-guideline sentence is also presumptively reasonable against an attack by a defendant claiming that the sentence is too high."). The District Court varied downward from the applicable career offender range of 262 to 327

5

months and sentenced Torres to 180 months' imprisonment based on his remorse and because his prior offenses were not violent and occurred when he was much younger.

Any challenge to Torres's career offender designation is meritless. Torres maintains that his state offense was not a qualifying conviction because it covered more conduct than federal law prohibits and thus was not a "controlled substance offense" under U.S.S.G. § 4B1.2(b), but he concedes this argument is foreclosed by United States v. Lewis, 58 F.4th 764, 771 (3d Cir. 2023) (holding that under U.S.S.G. § 4B1.2(b), it is irrelevant whether the state law the defendant violated defines the prohibited drug more broadly than federal law).[3]

C

---

[3] Torres maintains for the first time on appeal that the District Court may have erred by failing to provide Torres a hearing under 21 U.S.C. § 851(b). Because Torres did not preserve this argument, we review for plain error. See United States v. Dorsey, 105 F.4th 526, 528 (3d Cir. 2024) (citing United States v. Olano, 507 U.S. 725, 732-33 (1993)). The District Court did not err. Section 851(b) requires that, if the Government files an information of prior conviction under the section,

> the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). The District Court advised Torres of the § 851 information at his change-of-plea hearing, where Torres admitted that he was previously convicted of the offense identified in the information. Nothing in § 851 requires a court to hold a separate, unrequested hearing. Cf. United States v. Guyton, 144 F.4th 449, 463 (3d Cir.) (determining district court had "disregard[ed] [the] straightforward command" of § 851(b) by not giving the defendant the chance to affirm or deny prior conviction alleged in the information), cert. denied, 146 S. Ct. 900 (2025). Even if the District Court erred by not holding an additional hearing, Torres concedes that his unpreserved argument fails at Olano step three because he cannot show a reasonable probability that, but for the error, the outcome would have been different, given that his prior conviction

6

Our independent review of the record also accords with counsel's assessment with respect to the supervised release violation.

The District Court had jurisdiction over Torres's prior offense and the authority to revoke his supervised release. See 18 U.S.C §§ 3231, 3583(e)(3). Further, after the District Court advised Torres of his rights, the Government's burden of proof, and the possible penalties for violating the terms of his supervised release, Torres admitted to the violation and voluntarily and knowingly waived his right to a formal revocation hearing under Federal Rule of Criminal Procedure 32.1(b).

Further, Torres's sentence for the violation was both procedurally and substantively reasonable. The sentence was procedurally reasonable because the District Court correctly calculated the Guidelines range for his Grade A violation as eighteen to twenty-four months' imprisonment, see U.S.S.G. § 7B1.4(a), considered the applicable § 3553(a) factors, 18 U.S.C. § 3583(e)(3), and arrived at a bottom-of-the-range eighteen-month consecutive sentence. Tomko, 562 F.3d at 567. Imposing a consecutive sentence is consistent with the Guidelines, U.S.S.G. § 7B, introductory cmt., addresses the breach of trust from his noncompliance, and "provide[s] adequate community protection and deterrence." App. 72. Since we cannot say no reasonable sentencing judge would have imposed such a sentence, it is also substantively reasonable. See Rita, 551 U.S. at 347.

---

appears to meet the definitions of "serious drug felony" and "felony drug offense" under 21 U.S.C. § 802(44) and (58), thereby enhancing his sentence ranges under § 841(b)(1)(B) and (C).

## III

Because counsel thoroughly examined the record and identified no nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and affirm.